**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MISC. CASE NO.:

In re Subpoena to Slater Lighting Sales Inc.,

________________________________/

**NON-PARTY SLATER LIGHTING SALES INC.'S MOTION TO QUASH THIRD-PARTY SUBPOENA**

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 3

III. ARGUMENT ..... 5

A. ELCO Improperly Seeks Information From a Non-Party That It Can Obtain From A Party ..... 5

B. Requiring Slater to Respond to the Subpoena would be Unduly Burdensome ..... 8

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Cases**

*Continuum on S. Beach Condo. v. QBE Ins. Corp.*,
338 F.R.D. 668 (S.D. Fla. 2021).................................................................. 5, 6, 10

*Davis v. Nationwide Ins. Co. of Am.*,
No. 19-cv-80606, 2020 WL 7480819 (S.D. Fla. Dec. 18, 2020) ...........................4

*Delovsky v. Wal-Mart Stores, Inc.*,
No. 20-10524, 2021 WL 4891806 (11th Cir. Oct. 20, 2021)...................... 5, 9, 10

*Feingold v. Cardinale*,
No. 22-CV-20375, 2023 WL 8476408 (S.D. Fla. Nov. 1, 2023).... 4, 5, 6, 8, 9, 10

*Great Am. Ins. Co. v. Veteran's Support Org.*,
166 F. Supp. 3d 1303 (S.D. Fla. 2015)............................................................4, 6

*Haworth, Inc. v. Herman Miller, Inc.*,
998 F.2d 975 (Fed. Cir. 1993) .........................................................................5

*In re Lakeview Loan Servicing Data Breach Litig.*,
No. 22-20955-CIV, 2025 WL 1435739 (S.D. Fla. Mar. 27, 2025)....................4, 8

*Jordan v. Comm'r, Mississippi Dept. of Corr.*,
947 F.3d 1322 (11th Cir. 2020) ......................................................................4, 6

**Rules**

Fed. R. Civ. P. 26(b)(2)(C) .............................................................. 4, 5, 10

Fed. R. Civ. P. 45(a)..........................................................................................3

Fed. R. Civ. P. 45(d)(1)...................................................................................4, 8

Fed. R. Civ. P. 45(d)(3).................................................................................4, 10

Non-party Slater Lighting Sales, Inc. ("Slater"), by and through undersigned counsel, hereby moves to quash the subpoenas duces tecum issued in *AMP Plus, Inc. d/b/a ELCO Lighting, v. Nora Lighting, Inc.*, Case No. 2:24-cv-08460-MWC (BFMx) ("Underlying Action"), or in the alternative Slater moves the court to enter a protective order, and states as follows:

## I. INTRODUCTION

Slater, which is not a party to the Underlying Action and is an independent sales representative who has sold Nora Lighting, Inc.'s ("Nora") Pearl Products has been requested to produce documents and prepare for certain in-person testimony topics. Exhibit A (copy of subpoena). The requests center upon Slater's sales of Nora's Pearl Products, Slater's detailed financial documents, Slater's communications with Nora, which will require a search of five (5) years of emails, and authentication of everything produced:

> TOPIC NO. 1: The sales numbers, revenues, commissions, and geographical locations associated with Your sales of PEARL PRODUCTS since August 17, 2021, on a product-by-product basis and a month-by-month basis.
>
> TOPIC NO. 2: Communications, including with any sales representatives associated with Nora, relating to ELCO's Koto module, This Litigation, or the '326 Patent, including this subpoena.
>
> TOPIC NO. 3: Any comparisons of ELCO's Koto module with any PEARL PRODUCT(S).
>
> TOPIC NO. 4: The authenticity of any Documents You produce in response to this Subpoena.

<u>REQUEST NO. 1:</u> Documents sufficient to show the revenues generated by sales of PEARL PRODUCTS since August 17, 2021, on a product-by-product basis and a month-by-month basis.

<u>REQUEST NO. 2:</u> Commission statements and monthly sales reports reflecting sales of PEARL PRODUCTS since August 17, 2021, on a product-by-product basis and a month-by-month basis.

<u>REQUEST NO. 3:</u> Documents sufficient to show where PEARL PRODUCTS have been sold or delivered since August 17, 2021.

<u>REQUEST NO. 4:</u> All Documents and communications relating to ELCO's Koto modules, the '326 Patent or related patents, or This Litigation, including this subpoena.

<u>REQUEST NO. 5:</u> All Documents and communications comparing ELCO's Koto modules with PEARL PRODUCT(S).

*See generally* Exhibit A.

These requests are unduly burdensome on Slater. The topics and requests seek information beginning in 2021 on a product by product and sales by sales basis. The topics and requests also require Slater to conduct e-discovery to find documents and information concerning the ELCO Koto modules, the '326 patent or related patent and documents related to the underlying litigation, a litigation to which Slater is not party and to which it would need to review pleading and filing just to obtain a basic understanding of what communications would relate to that litigation.

No good cause exists for service on third-party Slater to obtain this information that should be sought from Nora. The requests of sales, email/text communications, product comparisons, and authentications are requests which could be, and should be, fulfilled

from Nora alone. Further, ELCO cannot show that it is unable to obtain such discovery directly from Nora, and instead apparently seeks to unduly burden non-party Slater with document production and a deposition of an employee. As such, these requests are abusive to Slater and were clearly sent as a way to harass one of Nora's sales representatives.

In addition, in the Underlying Action, the Court has held ELCO's summary judgment in abeyance to review Nora's pending motion to dismiss. Thus, given that the case is in the early pleadings stage, it would be prejudicial to order this discovery out of turn. Requiring Slater to produce numerous documents created over a five (5) year period and prepare one of its employees for deposition to testify in order to provide information best sought elsewhere, imposes an unwarranted burden and expense which Federal Rule 45 is designed to prevent. On this ground, the Court should grant Slater's motion to quash ELCO's subpoena, or in the alternative enter a protective order limiting such discovery.

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 45, a party may subpoena a non-party to attend a deposition or to produce documents. Fed. R. Civ. P. 45(a). "A subpoena served on a non-party pursuant to Federal Rule of Civil Procedure 45 [] is limited by the relevancy and proportionality standards of Federal Rule of Civil Procedure 26(b)." *In re Lakeview Loan Servicing Data Breach Litig.*, No. 22-20955-CIV, 2025 WL 1435739, at *1 (S.D. Fla. Mar. 27, 2025); *see Davis v. Nationwide Ins. Co. of Am.*, No. 19-cv-80606, 2020 WL 7480819, at *3 (S.D. Fla. Dec. 18, 2020) (citing *Jordan v. Comm'r, Mississippi Dept. of*

*Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). "With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request. In balancing the need for discovery against the burden imposed on the person from whom documents are sought 'the status of a person as a non-party is a factor that weighs against disclosure." *Feingold v. Cardinale*, No. 22-CV-20375, 2023 WL 8476408, at *3 (S.D. Fla. Nov. 1, 2023) (cleaned up) (quoting *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015)). And, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

As part of its authority to manage discovery, the Court is empowered to quash subpoenas to non-parties. Fed. R. Civ. P. 45(d)(3); Fed. R. Civ. P. 26(b)(2)(C). Specifically, "a subpoena must be modified or squashed" by the Court if the subpoena "subjects a person to [an] undue burden." *In re Lakeview*, 2025 WL 1435739, at *1. Pursuant to this mandate, Courts recognize that discovery should be sought directly from the parties involved in the litigation as opposed to non-parties. *Id.* at *2 (stating that it is proper for a court to deny a subpoena if the "plaintiff had not first 'attempt[ed] to obtain the materials she sought by discovery request.'") (citing *Delovsky v. Wal-Mart Stores, Inc.*, No. 20-10524, 2021 WL 4891806, at *4 (11th Cir. Oct. 20, 2021)); *see also,*

*Continuum on S. Beach Condo. v. QBE Ins. Corp.*, 338 F.R.D. 668, 671 (S.D. Fla. 2021) (entering protective order in favor of non-parties where party could obtain requested information from party opponent); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that a district court can properly require litigant to seek discovery from its party opponent before burdening a nonparty). And although "[t]he objecting party bears the burden of establishing…undue burden…Rule 45(d)(3) explicitly places the burden on the party *serving* the subpoena to show a substantial need for the materials that cannot otherwise be met without undue hardship." *Feingold*, 2023 WL 8476408, *2 (emphasis in original).

## III. ARGUMENT

### A. ELCO Improperly Seeks Information From a Non-Party That It Can Obtain From A Party

The Court should quash a non-party subpoena where the requesting party can obtain the same information from a party to the litigation. The Court *must* limit discovery that can be obtained from some other source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i). The Eleventh Circuit has similarly noted that in determining whether a subpoena imposes an undue burden, courts may consider the expense and inconvenience to a nonparty. *See Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020); *Continuum*, 338 F.R.D at 671. Each subject of the Subpoena served on Slater is information ELCO can obtain from Nora, a party to the Underlying Action. Further, Slater is not a party to the Underlying Action and in

balancing the need for discovery, "the status of a person as a non-party is a factor that weighs against disclosure." *Feingold,* 2023 WL 8476408, at *3 (quoting *Great Am.,* 166 F. Supp. 3d at 1310; *Continuum*, 338 F.R.D at 671.

The Subpoena's topics and document requests center on Slater's sales of Nora's PEARL PRODUCTS, Slater's communications with Nora, and any comparison between Nora's products and ELCO's Koto module and authentication of any such documents produced. *See* Exhibit A. Taking each one of these categories in turn:

(1) the sales, commission, and geographic information concerning Nora's PEARL PRODUCTS is available from Nora itself. In fact, Nora would be the party which possess the most information regarding sales, commission, and geographic information concerning Nora's own PEARL PRODUCTS. Within Nora's possession will be at least the same records for the sales, commissions and geographic information possessed by Slater and there's no basis to require a third-party to provide information that is otherwise in the possession, custody, and control of party-Nora.

(2) The communications "with any sales representatives associated with Nora" are, by definition, equally within Nora's possession, custody, or control. Nora possesses, at a minimum, communications with Slater, but Nora more than likely possesses communications with other sales representatives associated with Nora. A similar request directed to Nora through party discovery would thus yield, at a minimum, the same

information Slater can provide but importantly, the burden on non-party Slater would be removed.

(3) The request for any comparison of ELCO's Koto module to a PEARL PRODUCT is again best sought from Nora, not Slater. Slater is a sales representative of Nora and has never sold a Koto product or conducted a comparison of Nora's products to ELCO's products. As such, Slater has access to the market-ready design specification of the PEARL PRODUCT provided to it by Nora; Slater does not have access to any detailed design specifications of ELCO's Koto product. Further, as the manufacturer of the PEARL PRODUCT, Nora will have the same market-ready design specification given to Slater, but will also have earlier iterations of the PEARL PRODUCT. If anyone compared the products, it would be Nora, not Slater.

(4) The request for authentication should also be directed to Nora. As detailed above, because the documents at issue should be obtained from Nora, Nora is therefore the party in the best position to identify, explain, and authenticate them.

Because ELCO can obtain the same information from Nora, ELCO has failed to show its substantial need rises above the undue hardship placed onto Slater. The Subpoena should be quashed. *See Feingold*, 2023 WL 8476408, *5-6 (affirming order quashing Rule 45 subpoenas and explaining that requesting duplicative information obtainable from a more convenient and less burdensome source imposed an undue burden on non-parties).

### B. Requiring Slater to Respond to the Subpoena would be Unduly Burdensome

Along with Nora being the best source for the documents and testimony requested, ELCO has also taken no proactive step to mitigate the burden imposed on a non-party. ELCO can provide no reason for requiring Slater to compile five (5) years of financial information and search through five (5) years of emails before it sought that information from Nora. This is precisely what that makes the burden against Slater undue—ELCO specifically choose to break from the proper avenue of party discovery to burden a non-party despite the requirement that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *In re Lakeview*, 2025 WL 1435739, at *3 ("a requesting party has an initial obligation to avoid an undue burden under Rule 45 by first issuing related requests on the party defendants") (citing *Delovsky,* 2021 WL 4891806, at *4). The testimony and documents would, at the very least, be cumulative and duplicative of testimony and documents obtained from a 30(b)(6) deposition against Nora.[1]

Further, Topic No. 2 and Request for Production No. 4 are also facially overbroad. Topic No. 2 broadly seeks testimony regarding communications relating to ELCO's Koto module, this litigation, and the '326 Patent, while Request 4 seeks all documents and communications concerning those subjects, without meaningful limitation to a specific

[1] It is Slater's understanding that ELCO has yet to take a 30(b)(6) deposition of Nora.

topic relevant to the Underlying Action. *Feingold*, 2023 WL 8476408, *5 ("[T]he Court finds that the majority of the requests are overbroad despite Cardinale's streamlining or revising of the requests. The requests are not narrowly tailored to Cardinale's argument...This request could encompass agreements unrelated to [the issue].") Such expansive requests impose a substantial burden on a non-party, particularly where ELCO has made no showing that Slater possesses unique information unavailable from Nora and where the same discovery can be pursued through party discovery.

When balancing the factors, the value of the requested information to ELCO is minimal, as it duplicates discovery available from a party, but the requested information places an undue burden on Slater—a non-party. This balance weighs decisively in favor of quashing. *See Feingold*, 2023 WL 8476408, *5-6; *Delovsky,* 2021 WL 4891806, at *4.

In the alternative, Slater requests the Court enter a protective order to protect Slater against the undue burden of testifying and producing documents best sought from a party to the litigation. *Continuum*, 338 F.R.D at 671 (finding subpoena unduly burdensome and granting a Rule 26(c) protective order where the requests sought "all" materials).

## IV. <u>CONCLUSION</u>

Slater respectfully requests that the Court quash ELCO's subpoena ELCO seeks from non-party Slater information it can readily obtain from Nora, a party to the Underlying Action. In the alternative, Slater requests the Court to either modify the Subpoena in order to relieve Slater of the burden from compliance with topics and requests

seeking information obtainable from Nora or enter a protective order stipulating the same. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), 45(d)(3)(A).

Dated: August 17, 2026,

Respectfully Submitted,

**K&L GATES LLP**

*/s/ Jonathan B. Morton*
Jonathan B. Morton
jonathan.morton@klgates.com
Fla. Bar. No. 956872
200 S. Biscayne Blvd., Suite 3900
Miami, FL 33131
Phone: (305) 539-3357
*Attorney for Slater Lighting Sales Inc.*

**CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1**

Counsel for Slater and ELCO conferred via teleconference on August 10, 2026, about the filing of this Subpoena on Slater. Slater explained to ELCO that the requested information was available from Nora and proposed that ELCO pursue its requests through party discovery. Counsel for ELCO declined to withdraw or narrow the subpoena. Instead, counsel for ELCO indicated that it intended to proceed with the requests for both documents and testimony found in the Subpoena. Such a posture necessitated this motion.

DATED: August 17, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 17th day of August, 2026.

By: */s/ Jonathan B. Morton*
Jonathan B. Morton
*Attorney for Slater Lighting Sales Inc.*